**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-6971**

JAMEY L. WILKINS,

Plaintiff - Appellant,

v.

KEITH STONE; MISTE STRICKLAND; CAPTAIN BRAD JENKINS; LIEUTENANT PARKER,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:22-ct-03232-FL)

Submitted:  September 18, 2025                    Decided:  November 21, 2025

Before THACKER and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jamey Lamont Wilkins, Appellant Pro Se.  Bradley O. Wood, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamey L. Wilkins appeals the district court's orders (1) denying his motion to conduct depositions, motion for a legal mail request order, and motion to appoint counsel, and (2) granting Defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint for failure to exhaust his administrative remedies. In his complaint, Wilkins, then a pretrial detainee, alleged that Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Wilkins asserted numerous issues with the procedures and confinement conditions at the Nash County Detention Center. On appeal, Wilkins contends that the district court erred in finding that he failed to exhaust his administrative remedies. Liberally construed, Wilkins also challenged the court's order dismissing his motion to conduct depositions, motion for a legal mail request order, and motion to appoint counsel.

Finding that Wilkins had not shown exceptional circumstances, the district court denied his motion to appoint counsel. The court also denied Wilkins's request to conduct depositions due to a combination of his violent conduct while incarcerated, his gross abuse of the discovery process when conducting depositions in a previous iteration of this case, and the fact that Wilkins was not prevented from pursuing other discovery strategies, such as interrogatories. As for Wilkins's request for legal mail, the court denied his blanket request due to institutional security concerns and the administrative burden of requiring any mail Wilkins personally deemed as legal mail to be opened and inspected in his presence. Finally, the court granted Defendants' motion for summary judgment and

2

dismissed Wilkins's § 1983 complaint based on Wilkins's failure to exhaust his administrative remedies.[*]

We have reviewed the record and find no reversible error in the district court's determination that Wilkins failed to exhaust his administrative remedies and no abuse of discretion in the denial of the challenged motions. Accordingly, we affirm the district court's orders. *Wilkins v. Stone*, No. 5:22-ct-03232-FL (E.D.N.C. July 26, 2023 & Sept. 10, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Alternatively, the district court noted that Wilkins's claims also failed on the merits.